# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **JO FRANCIS STAPELTON** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO. 3:17-cv-311-DPJ-FKB** |
| **SAILORMEN, INC.,** | |
| **JOHN DOES 1-5, JOHN DOE ENTITIES 1-5** | **DEFENDANT** |

# ORDER

Before the Court is Plaintiff's Rule 34 Motion for Entry Upon Land and for Inspection and Other Purposes [14]. For the following reasons, the Court finds that the motion should be granted.

Plaintiff, Jo Francis Stapleton, alleges that she slipped and fell on debris in a fast food restaurant on February 13, 2014. During depositions, defense counsel asked Stapleton a significant number of questions regarding her movement within the restaurant during her visit, and the exact location she claims she fell. [17-1] at 1-8. Defense counsel also had Stapleton draw a diagram of the scene as part of the deposition. *Id.* at 5-8; [17-2]. He had Stapleton mark on the diagram the locations of her table, the bathroom, the cash register, and the door through which she entered the restaurant, and the locations she claims she fell. *Id.*

Stapleton's attorney has filed this motion requesting an order permitting her to "inspect and photograph Defendant's property on a date and time mutually agreeable to both parties. . . ." [14]. Defendant, Sailormen, Inc., opposes the motion, contending that the photographs would "have no bearing on Plaintiff's claims" as the debris would since have been removed. [15] at 1.

Discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979).

Rule 26(b)(1) states:

1

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Fed.R.Civ.P. 34(a)(2) governs the entry of a party onto another party's property for the purposes of conducting discovery. Pursuant to this rule:

> A party may serve on any other party a request within the scope of Rule 26(b) ... to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

*Id.* "When considering a motion under Rule 34(a)(2) 'the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection.'" *Georgia-Pac. W&FS (MS) LLC v. Johnson's Fence, LLC*, No. 5:14-CV-121-KS-MTP, 2015 WL 5021887, at *2 (S.D. Miss. Aug. 24, 2015)(quoting *Banks v. The Interplast Group, Ltd.,* 2003 WL 21185685, at *1 (S.D. Tex. April 16, 2003).

Defendant contends that Stapleton should not be allowed to photograph the inside of the restaurant, because those photographs would not be relevant to her claim that she slipped on debris. However, the test before the Court now is not whether the photographs are admissible as evidence, but whether they are discoverable. For the purposes of Rule 26(b)(1), the photographs are relevant to Stapleton's claims because they show where the alleged fall occurred.[1] Just as Stapleton's diagram may have assisted defense counsel in understanding the particulars of her claims, so too

---

[1] The Court makes no determination regarding the relevance of any photographs for the purpose of admissibility at trial.

2

may photographs of the relevant location. And given the innocuous nature of the requested relief – that plaintiff's counsel or a representative be permitted to take a few photographs – the request appears to be both proportional to Stapleton's claims and impose no burden on Defendant.

Accordingly, the Court grants Stapleton's motion for entry upon land for inspection and other purposes [14]. The Court orders that Sailormen, Inc. permit plaintiff's counsel, or other representative, to inspect and photograph the relevant portions of the restaurant located at 26174 Highway 27, Crystal Springs, Mississippi at a date and time mutually agreeable to all parties within fifteen days from the date of this Order.

SO ORDERED, this the 26th of March, 2018.

                                                        /s/ F. Keith Ball
                                                       UNITED STATES MAGISTRATE JUDGE